# Sloss-Sheffield Steel & Iron Co. *v.* House.

## *Damages for Drying Up Well by Operation of Mine.*

(Decided Nov. 19, 1908.   47 South. 572.)

1. *Witnesses; Cross Examination; Discretion.*—Unless the evidence called for is material to the cause the exercise of the court's discretion as to the latitude allowed on cross examination is not reviewable, unless abused.

2. *Homestead; Existence; Evidence.*—It may be shown by parol evidence whether one's land is his homestead.

3. *Appeal and Record; Questions Presented.*—Where a deed is not in the bill of exceptions, the objection to its introduction that its recitals were inconsistent and repugnant, cannot be considered on appeal.

4. *Mines and Minerals; Operation of Mine; Injury to Adjacent Property; Evidence.*—It was not error to exclude a deed offered for the sole purpose of showing that the land surrounding that of plaintiff was owned by defendant, since it was immaterial, in an action for injury to plaintiff's well by the negligent operation of defendant's mine, under plaintiff's land, as to who owned the surrounding land.

5. *Same; Injury to Well; Evidence of Cause.*—The failure of defendant to sufficiently timber its mine to prevent injury to its superjacent neighbor was negligence, and the fact that cracks and fissures in plaintiff's land, occurring at the time of the disappearance of the water in the well, was caused by the mine not being sufficiently timbered, was competent.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Moses House against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff. Defendant appeals. Affirmed.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court erred in permitting plaintiff as a witness to state that the land on which the well was belonged to plaintiff and was his homestead.—*Wheeler v. Tutwiler C. Co.*, 43 South. 15. Counsel discuss other assignments of error relative to evidence but without citation of authority. They insist that the court's oral charge was erroneous.—*Gibson v. Williams*, 84 Ala. 228. On this authority they insist that refused charge 6 should have been given. The court erred in refusing charges 5, 12, 13, 14 and 15.—*Tenney v. Central of Ga. Ry. Co.*

BOWMAN, HARSH & BEDDOW, for appellee. Counsel discuss assignments of error as to evidence but without citation of authority. They insist that the court properly refused charges requested by the defendant.—*Williams v. Gibson*, 84 Ala. 228; *Southern Ry. Co. v. Taylor*, 42 South. 625; 68 L. R. A. 675 and note B.; 23 Cent. Dig. 2081.

DOWDELL, J.—This is an action by the appellee, plaintiff below, to recover damages alleged to have been caused by the negligent operation by the defendant of its coal mine under plaintiff's land, whereby plaintiff's well was dried up. No questions arise on the pleadings for our consideration.

The first assignment of error is that the court erred in sustaining plaintiff's objection to defendant's question to plaintiff, on his cross-examination as a witness, as to what plaintiff had alleged in his complaint. As to what the plaintiff alleged in his complaint was, as evidence in the case, wholly immaterial. While great

[Sloss-Sheffield Steel & Iron Co. v. House.]

latitude may be allowed on the cross-examination, yet this latitude is within the sound discretion of the court, unless the evidence called for is material in the case, and the exercise of the discretion is not revisable, if not abused. In the present instance there was no abuse of this discretion.

The question of whether one's land is his homestead is a matter that rests in parol, and may be shown by parol evidence. The question that called forth this evidence was not objected to. Moreover, if there was anything in the suggestion that the deed was the best evidence, it was met by the subsequent introduction of the deed. While the bill of exceptions states that the plaintiff's deed was admitted in evidence, the deed is not set out in the bill of exceptions; and hence the defendant's objection to the introduction of the deed on the ground that the deed was inconsistent and repugnant in its recitals, and which objection the trial court overruled, cannot be considered by us, for the reason that we cannot say, in the absence of the deed, whether there was, or not, any merit in the objection.

It was wholly immaterial to the issues in the case as to who owned the lands that surrounded the plaintiffs', and it was solely for the purpose of showing defendant's ownership of the surrounding lands that it offered its deeds in evidence. The offer of introduction of the defendant's deed in evidence being so limited by the express statement of defendant's counsel, the court committed no error in excluding them on plaintiff's objection.

We are of the opinion that on the undisputed evidence the court could properly have given the general affirmative charge at the request of the plaintiff in writing. That the drying up of plaintiff's well of water resulted directly from the defendant's mining operations is the only fair and reasonable inference that can be drawn

from the facts, and that the cracks and fissures in plaintiff's land, occurring at the time of the disappearance of the water in his well, were caused by the mines not being sufficiently timbered, is undisputed evidence in the case. The failure of the defendant to sufficiently tim ber its mine to prevent injury to its superjacent neighbor was negligence, and for any and all damages proximately resulting it was liable. Every fact essential to plaintiff's right of recovery is shown by the undisputed evidence. This being so, the trial court will not be reversed for refusal of charges at the request of the defendant. No reversible error appearing, the judgment will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.