# Sloss-Sheffield Steel & Iron Company v. Sampson.

*Action for Damages to Surface and Well on Land by Mining Underneath.*

(Decided Jan. 14, 1909.   48 South. 493.)

1. *Mines and Minerals; Injuries to Realty; Surface Soil.*—In the absence of any stipulations to the contrary the owner of minerals must so conduct his mining operations as not to injure the surface soil; but this does not apply to springs and wells fed by subterranean streams.

2. *Same; Complaint; Sufficiency.*—A complaint for damage done by mining the soil is demurrable if it fails to state the time when the alleged injuries occurred.

3. *Same.*—A complaint for injuries to the soil by mines operated thereunder should state whether the mining was done by a trespasser or by one having a right, and is subject to demurrer if it fails to do so.

4. *Limitation of Actions; Damage to Realty; Actions; Damages.*—The limitation for the recovery of damages done to the surface by mining operations conducted thereunder is one year—that is, damages done more than a year before the bringing of the action are not recoverable.

5. *Charge of Court; Instruction Bad in Part.*—It was not error to refuse a written charge which, in one part, was argumentative, although the first paragraph thereof was a correct statement of the law.

Appeal from Jefferson Circuit Court.

Heard before Hon. A. A. Coleman.

Action by Peter Sampson against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint is in the following language: "Plaintiff claims of defendant, the Sloss-Sheffield Steel & Iron Company, a private corporation, $2,000 damages, in this: That he is the owner of the following described real estate situated in Field's Town, near Blossburg, in Jefferson county, Ala., according to map made by Mar-

cus B. Long for A. J. Fields [Here follows a description of the land], and plaintiff avers that defendant heretofore, towit, before the bringing of this suit, while engaged in its mining operation, excavated from under the surface of the above-described real estate coal and other material, the proximate consequence of which caused the surface of the above-described lands to part or open or cause the same to crack, or part on the surface, greatly injuring and damaging said estate, and greatly damaging the dwelling house situated thereon and causing the same to become less desirable as a place of residence, causing the land to become drouthy and unproductive. That there was situated on such premises a well of pure and wholesome water, which was and could be used for domestic purposes, and by the excavation of defendant aforesaid said well was rendered valueless. That the rental and market value of said property was greatly impaired, all to plaintiff's damage as aforesaid." The following demurrers were interposed: "(1) It is not alleged that defendant mined the coal under said land negligently. (2) It is not alleged that the surface of the land described in the complaint was not supported by defendant's mining operations, or that the surface was cracked by defendant's mining operations so as to injure plaintiff's well and house. (3) It is not alleged that defendant was a trespasser in mining the coal from under plaintiff's land described in the complaint. (4) The time of the commission of the alleged grievance is not sufficiently set out or stated." The following charges were refused to the defendant: "(1) General affirmative charge. (2) If the jury believe from the evidence that plaintiff's land was damaged by defendant's mining operations, and without negligence on defendant's part, the jury must find for defendant. (3) If the jury believe the evidence, and find for the plaintiff, in asses-

[Sloss-Sheffield Steel & Iron Company v. Sampson.]

sing plaintiff's damages, the jury can only award him such damages as they believe from the evidence his lands described in the complaint suffered (because of the mining operations of defendant under plaintiff's land) during the year preceding the commencement of this suit. (4) Unless the jury believe from the evidence that defendant negligently mined the coal from under plaintiff's land, the jury must find for defendant. (5) If the jury believe from the evidence that defendant is not guilty of negligence in mining the coal from under the plaintiff's land, the jury must find for the defendant. (6) The market value of the land is based upon the amount it would reasonably sell for in the market, but not at a forced sale, and is not based upon the amount of principal, which at the legal rate of interest would produce the annual rental of the land."

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The grant of the minerals implies the right to remove the granted minerals even at the expense of the support of the surface. The duty of support is qualified. It exists to the extent that due care must be used in mining and the surface must be protected except where necessarily disturbed.—*Griffin v. Fairmont C. Co.*, 2 L .R. A. 11. The relation upon which the breach is based and from which it springs is always required to be pleaded with particularity.—*Ensly Ry. Co. v. Chewning*, 93 Ala. 24. Counsel discuss other assignments of error, but without citation of authority. They refer generally to the case of *Williams v. Gentry*, 84 Ala. 228.

FRANK S. WHITE & SONS, for appellee. Where a duty to exercise care is shown and a failure to perform that duty, mere legal conclusions may be averred.—*Postal T. Co. v. Jones*, 133 Ala. 226; *Southern Ry. Co. v. Wilson*,

138 Ala. 510; *C. of Ga. Ry. Co. v. Joseph,* 125 Ala. 313; *Marbury L. Co.'s Case,* 125 Ala. 237. The count was sufficiently specific to enable the defendant to know when the grievance complained of, arose, and it was error without injury to overrule the demurrer on that ground. —*Tutwiler C. & C. Co. v. Nichols,* 39 South. 763; *Ala. C. C. & I. Co. v. Vines,* 44 South. 378. The count sufficiently averred the mining operation.—*Barringer & Adams on Mines,* p. 675; *Lillibridge v. Lackawana C. Co.,* 24 Am. St. Rep. 544 and note; 27 Cyc. 787. Liability attaches to the performance of a dangerous employment without reference to the question as to whether the work has been done in a careful manner or not.—2 N. Y. 163; 1 Thomp. on Neg. sec. 765; Barringer & Adams, supra; 19 Cyc. 15; 139 Ala. 462; 134 Ala. 242; 131 Ala. 305. The court properly refused the defendant's 3rd request charge.—19 A. & E. Ency of Evi. 200; 124 Mass. 383; 53 Hun. 305; Auhorities supra. The court properly refused the 6th charge.—*Mitchell v. The State,* 129 Ala. 39; 121 Ala. 9; 90 Ala. 596; 88 Ala. 27.

SIMPSON, J.—This is an action by the appellee against the appellant for damages caused by the operations of the defendant in mining coal under the lands of plaintiff, causing the surface of same to part and open, or crack, destroying a well and diminishing the value of his real estate.

The complaint does not state whether or not the defendant is the owner of the minerals under said land, nor by what right it was carrying on mining operations thereunder, nor does it contain any allegation with regard to the manner of excavating—whether done negligently or improperly, or in a proper manner.

It seems proper to consider, first the main contention, around which cluster the special points in the case, and

38—8

that is as to the respective rights of the owner of the subjacent minerals and the owner of the superjacent surface. The complainant claims that the defendant is liable, without regard to the manner of operating the mines, because the owner of the superjacent surface has a right to demand that he shall not be disturbed in the enjoyment of his rights in the surface by the mining of the coal underneath, while the defendant contends that if it owned the minerals, with the right to mine them, which necessarily follows, it was its right to take out all of its coal without regard to whether the surface was injured or not. Without entering into an analysis of the numerous decisions on this subject, a reading of them convinces us that, according to the great weight of authority, the principle is (agreeably to the maxim, "Sic utero tuo ut alienum non lædas") that, in the absence of any stipulation to the contrary, the owner of the mineral below the surface holds it subject to the obligation that he shall so mine it as not to injure the surface. This means merely the surface, and does not apply to wells and springs which are fed by subterranean streams.— 27 Cyc. 788; 18 Am. & Eng. Ency. Law, 555, 556; *Mickle et al. v. Douglass et al.,* 75 Iowa, 78, 39 N. W. 198; *Lillibridge & Lackawanna C. Co.,* 143 Pa. 293, 22 Atl. 1035, 13 L. R. A. 627, 24 Am. St. Rep. 544, 555; *Youghiogheny R. Coal Co. v. Allegheny Nat. Bank,* 211 Pa. 319, 60 Atl. 924, 69 L. R. A. 637; *Noonan v. Pardee,* 200 Pa. 474, 50 Atl. 255, 55 L. R. A. 410, 86 Am. St. Rep. 722. While our court has not directly decided the point, yet expressions in our own decisions recognize the principle, as in accordance with the best authorities.—*Williams v. Gibson,* 84 Ala. 228, 233, 4 South. 350. 5 Am. St. Rep. 368; *Hooper v. Dora coal Mining Co.,* 95 Ala. 235, 238, 10 South. 652.

This matter is elaborately and ably discussed in the concurring and dissenting opinions in the case of *Griffin v. Fairmont Coal Co.,* 59 W. Va. 480, 53 S. E. 24, 2 L. R. A. (N. S.) 1115, and note. While the majority opinion in that case argues very forcibly in support of the proposition that, where the owner of the surface has conveyed the minerals and expressed no stipulations for the support of the surface, the owner of the mineral may take it all, without regard to the effect of the surface, yet the dissenting opinion and the note show that that is against the weight of authority, and the majority opinion itself admits that, when there is no conveyance from the surface owner, he is entitled to have the surface supported, and the annotator very properly says that the court "seems to have based its final decision against the existence of an implied reservation of support upon the particular language of the instrument by which the estates were severed."—Page 1116 of 25 L. R. A. (N. S.).

The court erred in overruling the demurrer to the complaint as amended. The complaint should have stated the time when the grievance complained of occurred, and it should also have stated facts showing whether the defendant was a trespasser, or acted under any right, in making the excavation.—*Mayor, etc., of Huntsville v. Ewing,* 116 Ala. 576, 582, 583, 22 South. 984.

It results, also, from the principle above announced, that the court did not err in refusing to give the general charge in favor of the defendant, nor in refusing to give the second, fourth, and fifth charges, requested by the defendant.

The court erred in refusing to give charge No. 3, requested by the defendant. While there is a difference as to the commencement of the running of the statute of

[Southern Hardware & Supply Co. v. Standard Equipment Co.]

limitations between cases where the act complained of was unlawful in itself and those where the act was lawful and the damage claimed is consequential, yet, where the injury is continuing or recurring, the rule in each case is that damages can be recovered only for the injury occurring within the period of limitations.—25 Cyc. 1137-1139; 19 Am. & Eng. Ency. Law, 200; *Reed v. State,* 108 N. Y. 407, 15 N. E. 735; *Mayor, etc., of Huntsville v. Ewing,* 116 Ala. 576-585, 22 South. 984; *Tutwiler C. C. & I. Co. v. Nichols,* 146 Ala. 364, 39 South. 764, 119 Am. St. Rep. 34; *Ala. Consol. C. & I. Co. v. Vines,* 151 Ala. 398, 44 South. 377, 378. While the first paragraph of charge 6, requested by the defendant, states the law correctly, yet the remaining part of the charge is merely argumentative, in answer to expressions used by the attorney in the argument of the case, and the court cannot be placed in error for refusing to give the same.

The judgment of the court is reversed, and the cause remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.