## Corona Coal & Iron Company *v.* Ferrier.

### *Damage to Surface by Mining.*

(Decided June 18, 1914.   65 South. 780.)

1. *Mines and Minerals; Surface; Support; Damages.*—Where plaintiff sued for injuries to the surface of his land due to the alleged negligent mining operations of defendant, alleging ownership of the surface, the term "owner" imported only a freehold estate, and not necessarily an estate in fee; hence, proof that plaintiff had a life estate in the land did not constitute a fatal variance.

2. *Same; Instruction.*—Where the action was for injuries to the surface by alleged mining operations, a request for an instruction that if the jury believe that the lands were damaged to a certain amount, then the amount plaintiff would be entitled to recover was limited to such part of the damage as the life estate of plaintiff bore in value to the entire interest in the land, was covered by a charge given that the legal test to be applied in determining plaintiff's damages was the difference in the market value of plaintiff's life estate in the land before and after it was cracked.

3. *Appeal and Error; Right to Allege; Denial of Instructions.*—A party cannot complain of a refusal of the court to give a charge which is inconsistent with and opposed to a charge already given the jury at his request.

APPEAL from Walker Circuit Courtt.

Heard before Hon. J. J. CURTIS.

Action by J. L. Ferrier against the Corona Coal & Iron Company for damages for injuries to the surface

by alleged negligent mining operations.   Judgment for plaintiff and defendant appeals.   Affirmed.

ERNEST LACY, for appellant.   The court erred in its action upon the charges requested by defendant.—§ 2455, Code 1907; *Williams v. Gibson,* 4 South. 353; *A. G. S. v. Hall,* 105 Ala. 599; *Phillips v. Amer. G. Co.,* 110 Ala. 521; *Henry v. Carlton,* 113 Ala. 636; *Zimmerman Mfg. Co. v. Daffin,* 149 Ala. 390.

GUNN & POWELL, for appellee.   No brief reached the Reporter.

McCLELLAN, J.—In all of the three counts of the amended complaint the averment is that the plaintiff (appellee) was the owner of the surface of the land described therein; the mineral interest having been previously severed from the surface.   The cause of action asserted arose out of damage done the surface in consequence of mining operations carried on by defendant (appellant).   As appears, the contest is between the superjacent and the subjacent proprietors.—*Sloss-Sheffield Co. v. House,* 157 Ala. 663, 47 South. 572; *West Pratt Co. v. Dorman,* 161 Ala. 389, 49 South. 849, 23 L. R. A. (N. S.) 805, 135 Am. St. Rep. 127, 18 Ann. Cas. 750.

Appellant insists that the trial court erred in refusing the general affirmative charge requested by it, on the ground that a variance resulted from the fact that the undisputed proof showed plaintiff to have had a life estate only in the land in suit at the time the damage complained of was inflicted.   To confirm this view it would be necessary to conclude that the averment that plaintiff was the owner of the damaged surface of the land was an averment that the plaintiff held the fee thereto.   The term "owner" has been accorded various

significations in various connections or relations.— *Gravlee v. Williams,* 112 Ala. 539, 20 South. 952; *L. & N. R. R. Co. v. Murphree,* 129 Ala. 432, 29 South. 592; 29 Cyc. pp. 1549, 1550; 6 Words and Phrases, 5134. As employed in the counts under consideration, the term "owner" means that the plaintiff held a freehold interest in the surface of the lands described; and proof that he held a life estate therein conformed to that effect of the averment of ownership.

The evidence tended to show that a part of the surface of the land described in the complaint was cracked open for long distances and with varying width, as the result of subsurface operations in the mines.

At the instance of the defendant (appellant) the court gave the following special instruction to the jury: "(B) The legal test by which the jury are to be guided in determining the amount of damages that plaintiff is entitled to recover is the difference in the market value of plaintiff's life estate in said lands before the same was cracked and the market value of plaintiff's life interest in said lands after the same was cracked."

The following charge was refused to defendant: "If the jury believe that the lands described in the complaint were damaged to a certain amount, then the amount of such damages that plaintiff would be entitled to recover, should be limited to such part of such damages as plaintiff's life estate bears in value to the entire interest in such lands."

We think the last-quoted charge was sufficiently covered, in its substance, by the given charge B. The purpose of the charge refused was to restrict the amount of plaintiff's recovery to his interest in the land. Charge B affected to state that idea in a different form.

But, if the refused charge was taken as proposing to the jury a different measure of damages from that ex-

[Pulaski Mule Company v. Haley & Koonce.]

pressed in its given charge B, the defendant can take nothing by the refusal thereof.—*L. & N. R. R. Co. v. Holland,* 173 Ala. 675, 697, 55 South. 1001. A party litigant cannot assert error of a refused charge which is opposed to a charge or charges already given to the jury at his instance.

No prejudicial error appearing, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.