21 So.2d 690

REPUBLIC STEEL CORPORATION v. STRACNER.

6 Div. 258.

Supreme Court of Alabama.

April 5, 1945.

Rehearing Denied April 26, 1945.

---

[2] Ante, p. 359.

Benners, Burr, Stokely & McKamy and Robert Greve Tate, all of Birmingham, for appellant.

622

Taylor, Higgins, Koenig & Windham and J. Howard Perdue, Jr., all of Birmingham, for appellee.

SIMPSON, Justice.

This is an action by the superjacent owner of land against the subjacent miner for damages for the destruction of a well on her property.

For purposes of this discussion it will be presumed that the well was from percolating water, there being no proof to the contrary. 67 C.J. p. 834, § 248.

The rule of our cases is that liability for damages resulting from disturbance of the land surface from mining operations is absolute, regardless of the question of the exercise of due care by the miner. Sloss-Sheffield Steel & Iron Co. v. Wilkes, 236 Ala. 173, 181 So. 276; Id., 231 Ala. 511, 165 So. 764, 109 A.L.R. 385; Corona Coal Co. v. Thomas, 212 Ala. 56, 101 So. 673; Sloss-Sheffield Steel & Iron Co. v. House, 157 Ala. 663, 47 So. 572; Sloss-Sheffield Steel & Iron Co. v. Sampson, 158 Ala. 590, 48 So. 493; Williams v. Gibson, 84 Ala. 228, 4 So. 350, 5 Am.St.Rep. 368.

These cases, and others, also declare the principle that the miner is not liable for incidental damages necessarily occasioned by the ordinary and careful operation of his mine, not injurious to the surface, such as the loss of wells by the superjacent owner. As was emphasized in

the second Wilkes case, supra, 231 Ala. page 518, 165 So. page 770, "if defendant is conducting any sort of operations to which its land is adapted in an ordinary and careful manner, and as a consequence percolating water is drained, affecting the surface owner's water supply, either of that or adjoining land, no liability for his damage exists. But if the waters are drained without a reasonable need to do so, are willfully or negligently wasted in such operation in a way and manner as that it should have been anticipated to occur, and as a proximate result the damage accrued to the surface owners so affected, * * * there is an actionable claim."

The rule of liability regarding injury to wells fed by such subterranean waters is the same as to superjacent and adjoining landowners, where there is no subsidence or other injury to the surface soil; viz, liability for failure to exercise due care in the reasonable use of his land.

■ Therefore, if the subjacent owner, in the use of the subterranean strata as a mine, fails to exercise due care in properly supporting the roof of the mine so that it caved in, proximately resulting in the loss or damage to plaintiff's well above, he was liable.

■ The complaint upon which recovery was rested sufficiently counted upon the rule of our cases and was not subject to the asserted demurrers.

■■ The affirmative charges requested for the defendant were also, in our opinion, correctly refused. This court in consultation has carefully studied and considered the record and has reached the conclusion that the evidence and its tendencies were sufficient to put the case to the jury on the question of negligence, vel non, of defendant as to the breach of duty averred. There was testimony from which the jury might infer that in accomplishing the retreat from the mine during its operation, the defendant robbed or pulled the supporting pillars under the plaintiff's property, as a consequence of which the roof would and did cave in and the plaintiff's well went dry; that to so pull the pillars under a well thus situated would cause a diminishment or drying up of the water supply in it and that to so conduct its mining operations was not in keeping with well regulated mining practices. Though other evidence tended to the con-

trary, this presented a sufficient conflict to justify the refusal of the charges. Ala. Dig., Trial, ☞143.

■ Neither can we accede to the insistence that error prevailed in the refusal of the trial court to grant the motion for new trial. Argument advanced to support these assignments of error is that the verdict was excessive and against the great weight of the evidence. We feel constrained to and do hold, however, that the trial court, who saw and heard the witnesses who testified at the trial, was better advantaged than we to reach a just conclusion on these contentions.

■ Regarding the alleged excessiveness of the verdict returned, the evidence as to the diminution in value of the plaintiff's land by the destruction of his water supply was practically without substantial dispute. We are not impressed that the mere fact, alone, that plaintiff assessed the property for taxation at a lower figure would authorize our assuming to estimate the value, or the diminution in value, of the property adversary to the uncontroverted testimony of the two experienced witnesses qualified to speak, who testified as to this. The jury evidently accepted the testimony of these witnesses as true and appraised the damages accordingly. We cannot say in the circumstances that the verdict of the jury was unjust or that it indicated that passion, bias, prejudice or other improper influence or motive, as would warrant our overturning the ruling of the trial court on the question. Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447.

■ Likewise, are we unwilling to hold that the verdict was so palpably erroneous and the preponderance of the evidence so decidedly adverse to the verdict as to convince us that it was wrong and unjust— the test in adjudicating such issue. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

■ The final insistence of error relates to the admission of evidence. Immediately before the well went dry, blasting was heard underneath the house and the whole structure vibrated. The plaintiff was allowed to prove that, at the time her well went dry, a spring about 275 feet from her house on an adjoining piece of property also dried up. The trial court admitted this testimony, for a single purpose, which we deem unnecessary to treat of.

Upon consideration, it is our opinion that the evidence of the drying up of the closely adjacent spring was admissible generally under the particular facts of this case as a circumstance tending to establish the contention of the plaintiff that the mining operations, the pulling of the pillars, caving in of the roof of the mine, etc., caused the drying up of the well.

We have concluded that the trial was conducted free of prejudicial error, and an affirmance of the judgment must be entered.

Affirmed.

All the Justices concur.