74 So.2d 450

### H. W. PEERSON DRILLING COMPANY et al.

v.

### Lloyd M. SCOGGINS et al.

### 6 Div. 684.

Supreme Court of Alabama.

Aug. 30, 1954.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellants.

Lipscomb, Brobston, Jones & Brobston, Bessemer, for appellees.

LAWSON, Justice.

This is a suit wherein Lloyd M. Scoggins and Euleane M. Scoggins were plain-

tiffs and Republic Steel Corporatlion; H. W. Peerson Drilling Company, a partnership composed of H. W. Peerson, Sr., H. W. Peerson, Jr., and B. E. Peerson; and H. W. Peerson, Sr., in his individual capacity, were defendants.

At the conclusion of the evidence, the trial court, upon request, gave the general affirmative charge without hypothesis, a directed verdict, for the defendant Republic Steel Corporation.

As to the remaining parties to the litigation, the case went to the jury on plaintiffs' Count E and the plea of the general issue in short by consent in the usual form. In Count E the plaintiffs alleged in substance that they were the owners of a parcel of land in Jefferson County (except as to the minerals and mining rights); that on said lands there were valuable improvements, including a residence and a well of wholesome water supplied from a stream or body of water located beneath the land's surface; that the defendants negligently drilled a shaft or hole near the lands of the plaintiff and as a proximate result of such negligence the water in plaintiffs' well became unfit for human consumption.

There was a verdict in favor of the plaintiffs and against the defendants (other than Republic Steel Corporation) in the sum of $2,750. Judgment was in accord with the verdict. The defendants against whom the judgment was rendered have appealed to this court.

Appellants have made only one assignment of error which is, in effect, that the trial court erred to a reversal in refusing to give the general affirmative charge, with hypothesis, in their favor, which charge they requested in writing.

Plaintiffs below, appellees here, obtained their deed on January 12, 1950, wherein the property is described by metes and bounds. The description in the deed contains the following language: " * * * minerals and mining rights excepted." The minerals and mining rights beneath the surface of the land are owned by Republic Steel Corporation, which also owns in fee simple the land on which the drilling operations took place.

Appellants assert that waters are minerals and hence excepted from the conveyance under which plaintiffs claim, so that the diversion or pollution of waters beneath the surface of the land covered by plaintiffs' deed, even if tortiously done, would, as to the plaintiffs, be *damnum absque injuria.*

In so far as we can determine, this is the first time that such an insistence has been made in this court, although we have on several occasions recognized the right of an owner of surface rights only to recover damages for the loss of a well on his premises caused by negligent mining operations. Corona Coal Co. v. Thomas, 212 Ala. 56, 101 So. 673; Republic Steel Corp. v. Stracner, 246 Ala. 620, 21 So.2d 690; Woodward Iron Co. v. Earley, 247 Ala. 556, 25 So.2d 267; Tennessee Coal, Iron & R. Co. v. Aycock, 248 Ala. 498, 28 So.2d 417; Tennessee Coal, Iron & R. Co. v. Ray, 248 Ala. 499, 28 So.2d 726; Woodward Iron Co. v. Mumpower, 248 Ala. 502, 28 So.2d 625. We have examined the original transcripts in the cases just cited above and we find that in several instances the reservations or exceptions contained in the conveyances are in practically the same language as in the instant case.

While it may be conceded that water, in a technical sense, is a mineral, we think that the words "minerals and mining rights," used in the conveyance here under consideration, should be given their fair and reasonable meaning, the meaning accorded them by common usuage, having in view the circumstances of their use and the context. When so viewed, we are clear to the conclusion that it was not the intention of the parties to the instant conveyance that the exception of "minerals and mining rights" from the conveyance to the plaintiffs below deprived them of their rights to the subterranean waters beneath the surface of their land.

We are of the opinion that there is no merit in the sole ground argued for reversal of the judgment below and that the

judgment should be affirmed. It is so ordered.

Affirmed.

SIMPSON, STAKELY and MERRILL, JJ., concur.