PER CURIAM.
This appeal challenges the legal accuracy of a portion of the Trial Court’s oral instruction to the jury. The record on appeal was structured in accordance with appellant’s “designations” which omit the transcript of the evidence.
While this Court has reviewed the propriety of a trial court’s jury charge absent a record of the evidence (see H. W. Peerson Drilling Company v. Scoggins, 261 Ala. 284, 74 So.2d 450 (1954)[1]), it has declined to do so in those instances where the validity of the challenged instruction is necessarily dependent upon the evidentiary context in which it arose. Ellard v. J. Blach & Sons, 267 Ala. 638, 103 So.2d 713 (1958).
Although ARAP encourages “designations,” it does not eliminate the necessity of counsel for the appellant to so structure the record on appeal to present the issue for review in a meaningful and substantive posture.[2]
Because the issue for review is not so postured in the record before us, we affirm summarily.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, JONES, ALMON and EMBRY, JJ., concur.

. It should be noted that it does not appear on the face of the opinion in Peerson Drilling that the appeal was on the record proper, or that an objection to the absence of transcript of the evidence was raised by the appellee. Both of these factors are disclosed by the record. Nonetheless, it is apparent that the Court treated the merits of the appeal because the single issue presented (failure to give the defendant’s requested affirmative charge) was adequately postured for review absent a transcript of the evidence.

. Although the appellant’s failure to comply with Rule 10(b)(2) is not the basis for our holding, a word of caution is in order: If less than all of the proceedings are designated, the appellant “shall serve on the appellee a statement of the issues he intends to present on appeal.” Otherwise, unless this rule is complied with, the appellee is not in a position to intelligently decide whether to accept appellant’s designations.