This is an appeal from a summary judgment for the defendants in a suit for declaratory judgment. We affirm the trial court's judgment and hold that limestone is not a "mineral," as that word is used in the deed in question.
On November 3, 1915, George B.H. Martin and Amelia A. Martin executed a warranty deed conveying approximately 445 acres of land in Colbert County, Alabama, to Oscar Ham. The deed contained the following reservation:
 "The Grantors herein also reserve all mineral rights absolutely in and to the said above conveyed lands. Said lands — and petroleum."
The appellants are the heirs-at-law of the Martins.
On November 11, 1974, Hoover, Inc., entered into a lease agreement with Malcolm and Pat Waldrep, the successors in interest of Oscar Ham, by the terms of which Hoover acquired the right to remove stone, rock, gravel, and/or any other construction material from forty acres of this land for a term of five years. The lease also provides that Hoover may renew the agreement for three successive terms of the same duration.
In December 1979, Hoover began quarrying limestone on the leased property and has continued its operations to the present time. The plaintiffs filed this suit against Hoover and the Waldreps on September 28, 1984, alleging that they are the owners of the mineral rights to the forty acres leased to Hoover by the Waldreps. The plaintiffs seek a declaratory judgment establishing their ownership of the mineral rights and an accounting by the defendants for all of the limestone which has already been quarried.
In W.S. Newell, Inc. v. Randall, 373 So.2d 1068 (Ala. 1979), we said that a reservation of "any and all gas, oil, sulphur, clay, gravel or other materials" did not include soil to be used in road building. 373 So.2d at 1069-70. In reaching that conclusion, we said:
 "There is no general definition in the cases of the term `mineral,' [citation omitted] and in determining what is included within a reservation or grant of minerals, it is commonly stated that the meaning of the term is to be ascertained from the language of the instrument and the surrounding circumstances evidencing the intention of the parties. [Citations omitted.] However, it has been established that sand, gravel, and clay are not ordinarily considered minerals unless a contrary intention is manifested or unless the substance has some special value."
373 So.2d at 1069. See also, H.W. Peerson Drilling Co. v.Scoggins, 261 Ala. 284, 74 So.2d 450 (1954). In another case, we have also said, in taking judicial notice that sand and gravel used for road building and repair *Page 428 
are obtained by strip mining, which destroys the surface, that "[t]o uphold plaintiff's claim, we would be compelled to hold that plaintiff's grantor, in conveying `all the coal, iron ore, and other minerals' intended to convey the land itself." Harperv. Talladega County, 279 Ala. 365, 370, 185 So.2d 388, 393
(1966), quoted in W.S. Newell, Inc., 373 So.2d at 1070.
The question before us now, whether limestone is included in a reservation of "all mineral rights," has not been considered in the Alabama case law. Many of the courts from other jurisdictions that have considered this question have followed the general rule that a reservation of mineral rights does not include limestone. Southern Title Ins. Co. v. Oller,268 Ark. 300, 302, 595 S.W.2d 681, 682-83 (1980), and cases cited therein.
 "The rationale expressed in some of these cases is that, although limestone is of commercial value, it is not rare or exceptional in character. Further, being a part of or near the top soil, as here, when quarried, the surface soil is destroyed for agricultural or grazing purposes. It would therefore be unreasonable to construe the reservation to include the right to destroy the surface of the property."
268 Ark. at 302, 595 S.W.2d at 683.
In Acker v. Guinn, 464 S.W.2d 348 (Tex. 1971), the Supreme Court of Texas considered whether a grant of an undivided one-half interest in the oil, gas "and other minerals" underlying certain lands in Cherokee County included a deposit of low grade iron ore lying near the surface. The principal use of the ore was as a base for roads. The Court held that, unless a contrary intention is affirmatively expressed, a mineral conveyance or reservation should not be construed to include minerals which cannot be extracted or utilized without destroying the surface of the land, as by stripping or quarrying. 464 S.W.2d at 352; see also, Thomas v. Markham Brown, Inc., 353 F. Supp. 498, 501 (E.D.Ark. 1973).
The limestone in the instant case must be quarried by the strip mining method. Some of its uses have included the construction of the Tennessee-Tombigbee Waterway and the Natchez Trace Parkway. It also has been used by the Agricultural Soil Stabilization Project. Its price has been six cents per ton. In Heinatz v. Allen, 147 Tex. 512,217 S.W.2d 994 (1949), another decision of the Supreme Court of Texas, the limestone in question had value only for building purposes and could be removed only by destroying the surface. After surveying the law of several states which had addressed the issue of whether limestone is included in a mineral reservation, the Court held that it was not a "mineral" for that purpose:
 "In our opinion substances such as sand, gravel and limestone are not minerals within the ordinary and natural meaning of the word unless they are rare and exceptional in character or possess a peculiar property giving them special value, as for example sand that is valuable for making glass and limestone of such quality that it may profitably be manufactured into cement. Such substances, when they are useful only for building and road-making purposes, are not regarded as minerals in the ordinary and generally accepted meaning of the word."
147 Tex. at 518, 217 S.W.2d at 997.
In light of the foregoing discussion, we hold that under the facts of this case the reservation of "all mineral rights" did not include the limestone in question. The plaintiffs are not entitled to the relief which they seek. Because of that holding, we find it unnecessary to address their other arguments.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur. *Page 429