(122 So. 173)

## HAMMOND MOTOR CO. v. ACKER.
### (6 Div. 319.)

Supreme Court of Alabama.   May 2, 1929.

Lange, Simpson & Brantley, of Birmingham, for appellant.

Altman & Koenig, of Birmingham, for appellee.

BROWN, J. This is an action on the case by the appellee against the appellant for damage to the plaintiff's automobile, alleged to have been proximately caused by the negligence of the defendant's agent or servant while acting within the scope of his employment.

The case was submitted to the jury on count A of the complaint and the plea of the general issue, pleaded in short by consent, with leave to offer evidence any matter that would constitute a good special defense.

The evidence is without dispute that the defendant was, at the time of the alleged damage to the automobile, engaged in the business of selling automobiles, and in connection with its business operated a repair shop for adjusting and repairing automobiles; that it undertook for hire to adjust the front wheels of plaintiff's automobile, and the adjustment was made in the repair shop. Defendant's agent drove the automobile on the streets for the purpose of testing the work, and in so doing ran it against the curb of the street in such manner and at such rate of speed as to cause it to overturn, and as a proximate consequence thereof the chasis was wrenched, the front axle thrown out of alignment, the fenders injured, and the body and upholstering damaged. Thereafter some repairs were made by defendant's mechanics, some of the fenders being straightened, and others replaced, and the front axle was heated by use of an acetylene torch and straightened. The evidence goes to show that this method of heating the axle had a tendency to draw the temper of the axle and leave it in such condition that it was more liable to break. There was also evidence showing that subsequent to this repair the operation of the car resulted in crushing the ball bearings on the front spindles.

The evidence further tended to show that the wrecking of an automobile, though it was afterwards repaired, materially affected its market value. The plaintiff offered evidence tending to show that the market value of the automobile before it was turned over and damaged was from eleven hundred to one thousand dollars, and after it was damaged that its market value was from four to five hundred dollars.

The question of negligence and the quantum of damages were clearly for the jury.

The measure of damages, as a general rule, where personal property is injured, though not entirely destroyed, by the wrongful act of another, is the difference in the value of the property before and after the injury. Birmingham R. L. & P. Co. v. Sprague, 196 Ala. 148, 72 So. 96; Krebs Mfg. Co. v. Brown, 108 Ala. 508, 18 So. 659, 54 Am. St. Rep. 188; Georgia Pacific R. R. Co. v. Fullerton, 79 Ala. 298. Charge 10, requested by the defendant, besides being faulty in using the term "believe," was invasive of the province of the jury and was properly refused. Birmingham, R. L. & P. Co. v. Sprague, supra.

Charge 7 was faulty in the use of "believe" instead of "reasonably satisfied," and did not hypothesize a finding by the jury on the evidence in the case, and was refused without error. Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422; Walls v. Decatur Fertilizer Co., 215 Ala. 426, 111 So. 214.

After a verdict for the plaintiff the defendant made motion for a new trial, asserting, among other grounds, that: "The court erred in overruling defendant's motion that the court enter an order for mistrial, said motion being based upon the asking of the following question by plaintiff's counsel of the witness Roy Chambers, viz., 'Is that the case where they took a car from a man and sold it and still had him paying on it?' "

It appears that the question made the predicate for this ground of the motion for new trial was asked on the redirect examination of the witness, after the cross-examination had developed testimony showing the witness was prejudiced against the defendant and had testified in another case against it. After much wrangling between counsel in respect to the question and its prejudicial effect on the jury, the question was withdrawn, and the court stated, "I don't think the minds of the jury have been prejudiced. I exclude it, and ask them not to consider it in any sense of the word in passing on the merits of this case," and overruled the defendant's motion to declare a mistrial.

We are of opinion that the instruction of the court was sufficient, under the circumstances, to eradicate any prejudicial influence the conduct of counsel may have had on the jury, and that motion for new trial was overruled without error.

This disposes of all of the assignments of error.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.