28 So.2d 417

## TENNESSEE COAL, IRON & RAILROAD CO. v. AYCOCK et al.

### 6 Div. 470.

Supreme Court of Alabama.

Dec. 19, 1946.

Benners, Burr, Stokely & McKamy and Greye Tate, all of Birmingham, for appellant.

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellees.

LAWSON, Justice.

This is an action to recover damages to the superjacent owners of lands, resulting from underground coal mining operations by the subjacent miners. The injury complained of is the causing of fissures or partings in the surface, cracks in the dwelling house located on the lands, the drying up of a well of water used for family and farm purposes, and damage to an orchard.

There were verdict and judgment for plaintiffs in the amount of $3500. Defendant filed motion for new trial, which was overruled, and has appealed to this court. That plaintiffs' property was damaged as a result of the coal mining operations of the defendant is without dispute in the evidence. The defendant has made no effort to deny liability under the rule of our decisions. Woodward Iron Co. v. Earley, 247 Ala. 556, 25 So.2d 267; Republic Steel Corp. v. Stracner, 246 Ala. 620, 21 So.2d 690; Sloss-Sheffield Steel & Iron Co. v. Wilkes, 236 Ala. 173, 181 So. 276; id., 231 Ala. 511, 165 So. 764, 109 A.L.R. 385; Corona Coal Co. v. Thomas, 212 Ala. 56, 101 So. 673.

The only question presented by this appeal relates to the damages assessed by the jury. It is insisted that the amount is excessive and stamps the verdict as being wrong and unjust and that a substantial part thereof should be remitted.

After a full consideration of all the evidence, we are of the opinion that there was ample evidence in the case which if believed by the jury shows that as a result of defendant's mining operations the reasonable market value of plaintiff's property decreased in an amount in excess of that assessed as damages. The jury evidently was so impressed. We cannot say that the amount of damages was excessive or assessed by the jury in any improper way, or that partiality, bias, passion or prejudice or any other improper motive actuated the jury in assessing plaintiffs' damages, as would warrant our overturning the ruling of the trial court on the question. We feel constrained to hold that the trial court, who saw and heard the witnesses who testified at the trial, was in a better position than we to reach a just conclusion on this contention. Republic Steel Corp. v. Stracner, supra. The damages as fixed by the jury will be allowed to stand.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.