33 So.2d 351

**WILSON & CO., Inc. v. KING.**

6 Div. 591.

Supreme Court of Alabama.

Jan. 15, 1948.

Spain, Gillon, Grooms & Young and H. H. Grooms, all of Birmingham, for appellant.

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellee.

BROWN, Justice.

Action on the case by appellee King against appellant Wilson & Company, Inc., claiming damages for personal injuries, which plaintiff avers he received in a collision between the Deaton truck, which plaintiff was driving along a highway near Villa Rica, Georgia, on the 30th of October, 1945, between 6 and 6:15 o'clock p.m. and a tractor driven by defendant's agent Carroll, pulling a disabled truck to which the tractor was attached by chain through a pipe, a substitute for a "towing bar". The purpose of the substituted towing bar, as the evidence goes to show, was to prevent the heavy truck jamming the rear end of the tractor.

The Deaton truck was headed toward Birmingham. The other car was going in the opposite direction toward Atlanta. The right lane of the highway leading toward Atlanta was somewhat crowded with traffic. The right lane of the highway leading toward Birmingham was occupied at the immediate point only by the Deaton truck driven by plaintiff.

The evidence goes to show that about one-half minute before the collision, a truck or car headed toward Atlanta "flashed" in between the Wilson tractor and a passenger car immediately ahead and although said car or truck cleared the way and passed out of the range of the Wilson truck, the driver of the Wilson tractor applied his brakes and came to a stop and, as the evidence tended to show, in consequence the heavy truck, which was being towed, jammed the tractor and its front end was shoved over the median line of the highway, striking the left front wheel and fender of the Deaton truck, throwing plaintiff, the driver, from under the wheel and causing him to loose control, in consequence of which the Deaton truck ran off on the right-hand side of the highway and clipped a signal post or telegraph pole and after going forward and to the right 200 yards or more was stopped by running into the embankment of the railway.

The evidence clearly presented a case for jury decision on the question of negligence. Therefore, the affirmative charge was properly refused. McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Henderson v. Noland, 238 Ala. 213, 189 So. 732, 123 A.L.R. 483.

After due consideration of the evidence in the case, we are not able to affirm that the verdict of the jury was contrary to the great weight of the evidence and, therefore, that the trial court erred in denying the motion for a new trial. American Life Ins. Co. v. Williams, 234 Ala. 469, 175 So. 554, 112 A.L.R. 1215; Williams v. Saks, 236 Ala. 683, 185 So. 167.

In respect to the grounds of the motion as to the excessiveness of the verdict, the rule is: " * * * 'The trial court will not set aside a verdict for damages merely because in its opinion the jury gave too much or too little. And, where a trial court has refused to disturb a verdict on account of the amount of the recovery, the appellate court is very reluctant to substitute its judgment for that of the jury and court below. * * * unless the amount is so excessive or so grossly inadequate as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury.'" Central of Georgia Ry. Co. v. White, 175 Ala. 60, 56 So. 574, 575; Florence Hotel Co. v. Bumpus, 194 Ala. 69, 69 So. 566, Ann.Cas. 1918E, 252.

In a more recent case, Tennessee Coal, Iron & Railroad Co. v. Aycock et al., 248 Ala. 498, 28 So.2d 417, it was observed: " * * * We feel constrained to hold that the trial court, who saw and heard the witnesses who testified at the trial, was in a better position than we to reach a just conclusion on this contention. (The excessiveness of the award). Republic Steel Corp. v. Stracner, supra, (246 Ala. 620, 21 So.2d 690.) The damages as fixed by the jury will be allowed to stand." [Parenthesis supplied.]

No error appearing on the record, the judgment is affirmed.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.