74 So.2d 923

MONTGOMERY CITY LINES, Inc.

v.

Virginia A. DAVIS.

3 Div. 666.

Supreme Court of Alabama.

Oct. 7, 1954.

Jack Crenshaw, Montgomery, for appellant.

Arthur J. Reid, Montgomery, for appellee.

**CLAYTON, Justice.**

This appeal by Montgomery City Lines, Inc. (defendant below) is from a judgment of the Circuit Court of Montgomery County, awarding to Mrs. Virginia A. Davis (plaintiff below), damages under a simple negligence count in the sum of $8,000 for personal injuries sustained in a collision with one of the defendant's busses. The defendant's liability was admitted, leaving for the jury's determination only the amount of damages to which the plaintiff was entitled under the facts, which briefly were as follows:

Plaintiff in her automobile, driving west on High Street in the City of Montgomery, soon after crossing Lawrence Street was forced to stop by reason of a line of automobiles in front of her, extending back from the stop light at the intersection of Perry Street. The driver of defendant's bus, driving in the same direction, was blinded by the late afternoon sun and did not see plaintiff's car in time to stop before striking it from the rear. It is uncontroverted that plaintiff had come to a complete stop before being struck.

Plaintiff suffered injuries to her back, one knee and her neck. The chief controversy in the evidence was the extent of the injuries to her neck.

Appellant's assignments of error present three matters for our consideration. First and foremost, and most strenuously argued, is that the judgment is excessive as shown by the expert testimony, the jury in arriving at the verdict, having been motivated by passion or prejudice engendered by knowledge of the fact that the insurance company would pay the judgment. Second, the verdict of the jury was a quotient verdict. And third, the refusal of certain charges to the defendant. All of these matters were incorporated in defendant's motion for a new trial, which was overruled, and which action of the trial court is the basis of this appeal.

Immediately after the collision, which occurred on April 4, 1952, the bus driver arranged for Mrs. Davis to see Dr. Collins, one of the physicians on the list recommended by the bus company, who examined her injuries and had X-rays made by Dr. Goldstein on April 5th. Dr. Collins saw her on the 5th, 7th, 9th and 11th of April. Dr. Goldstein's report showed no evidence of bone injury, disease, fracture or dislocation, no narrowing of the intervertebral interspaces and no abnormal calcifications. Dr. Collins diagnosed her injury as sprain of the neck—sore muscles. Mrs. Davis saw Dr. John Martin one time and then began taking treatments from Dr. Kaiser, an orthopedic surgeon, specializing in injuries to bones and joints, who first treated her on April 14th and thereafter on April 18th, April 21st, May 7, August 13th, August 20th and October 7th. In August, she complained to him of a headache and restricted motion of the neck. He put her in a hospital for several days and under anaesthetic, loosened the joints and manipulated the neck. She was better the next day. On October 8th, she had a slight recurrence and he took a second series of X-ray photo-

graphs. He testified that this second series of X-rays showed a changed condition—a roughening of the joint surfaces between the fifth and sixth cervical vertebrae and a slight reversal of the normal cervical curve between the 4th, 5th and 6th cervical vertebrae. His prognosis of her condition was that she would either recover with the healing of the strain or go on to nerve irritation at the site of the injury due to pressure by narrowing of the canal through which the nerve root passes, necessitating surgery for relief. At the time of the trial, his testimony was that she had not responded very well to treatment, that the roughening of the surfaces of the vertebrae had progressed from April to October, and X-rays taken in October showed more roughening than in April and with no elimination of the condition in the joint or the surrounding area. In his words, "We might expect it might get worse, but we cannot predict that it might later eliminate itself."

Dr. John Branch, a general surgeon, at the request of the appellant, examined Mrs. Davis on October 3rd, and sent her to the office of Drs. Stickley, Moore & Reynolds for X-rays, whose report was: "Cervical spine: Routine views show the bony architecture of the bodies and intervertebral discs to appear normal. I see no evidence of any fracture or arthritic changes." Dr. Branch himself looked at the X-ray pictures and examined the patient himself. His opinion was that her neck injury was probably a strain of the supporting structures of the neck which would in time show a very definite improvement and that she had steadily improved.

■ Thus, as a first consideration, we have a decided disagreement among the expert witnesses as to the extent of the injuries and the physical condition of the plaintiff in October, as well as a disagreement as to the plaintiff's prospects of permanent injury or complete recovery. Plaintiff's medical expert, a bone specialist, testified in positive terms that plaintiff was suffering from injuries to the bearing surfaces of the bones of the neck, a serious condition. Conversely, in the opinion of the defendant's medical witnesses, plaintiff's injuries consisted of sore or strained muscles, comparatively speaking, a minor ailment. It was for the jury to decide between these tendencies of the testimony. Alabama Digest, Trial, ☜143.

■ Also, there was for the jury's consideration the matter of plaintiff's loss of earning power. Plaintiff was, before the accident, a machine operator in a cotton mill earning $1.03 an hour or $41.21 per week. Her total actual weekly earnings at the time of the accident amounted to only about $25, due to the fact that the mill was in operation only three days each week. She testified that as a result of her injuries she was unable to perform the physical labor incident to her job and was forced to take another job where she could work sitting down. By working a full week, her weekly earnings on her new job were $35. She also testified to pain and suffering, including headaches and neck pains from which she still suffered up to the time of the trial.

■ The rule has often been stated in this court that a jury's award of damages cannot be disturbed unless so excessive or so grossly inadequate as to indicate passion, prejudice, corruption or mistake. It is also the rule that damages which may be awarded for pain and mental anguish are in large measure discretionary and unless the amount awarded is so excessive or inadequate as to indicate prejudice or passion, they will not be reversed. 2 Alabama Digest, Appeal and Error, ☜1004(1), cites many cases supportive of this statement.

■■ We consider the verdict as having been awarded in the nature of compensatory damages only, as punitive damages are not permitted on a simple negligence count. Bradley v. Walker, 207 Ala. 701, 93 So. 634; Seitz v. Heep, 243 Ala. 376, 10 So.2d 150. "Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited, than that the verdict is against the evidence." Smith v. Smith, 254 Ala. 404, 48 So.2d 546, 548; Cobb v.

Malone, 92 Ala. 630, 9 So. 738; Thomas v. Rogers, 256 Ala. 53, 53 So.2d 736.

■ Where there was evidence which, if believed, authorized the verdict, the Supreme Court will not reverse a judgment refusing a new trial. Union Central Life Ins. Co. v. Guffin, 232 Ala. 254, 167 So. 321; Ray v. Richardson, 250 Ala. 705, 36 So.2d 89; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725; Alabama Digest, New Trial, ☜70 and 71.

■ Where the evidence is conflicting, judgment of the trial court in refusing to set aside a verdict of a jury will not be disturbed on appeal unless palpably wrong. Cobb v. Malone, supra; Little v. Sugg, 243 Ala. 196, 8 So.2d 866; Homewood Dairy Products Co. v. Robinson, 254 Ala. 197, 48 So.2d 28, 22 A.L.R.2d 1059; Smith v. Smith, supra. The trial court having seen and heard the witnesses testify, was in a better position than the Supreme Court to determine whether damages assessed by the jury were excessive. Tennessee Coal, Iron & Railroad Co. v. Aycock, 248 Ala. 498, 28 So.2d 417. When the trial court has refused to disturb a verdict because of the amount recovered, a reviewing court is reluctant to substitute its judgment for that of the jury and the trial court. Alabama Great Southern R. Co. v. Baum, 249 Ala. 442, 31 So. 2d 366; Wilson & Co., Inc., v. King, 250 Ala. 90, 33 So.2d 351; Birmingham Electric Co. v. Howard, 250 Ala. 421, 423, 34 So.2d 830; Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190.

■ Refusal of the trial judge to grant a new trial strengthens the presumption in favor of the correctness of the verdict. Smith v. Smith, supra; Thomas v. Rogers, 256 Ala. 53, 53 So.2d 736; National Biscuit Co. v. Wilson, 256 Ala. 241, 54 So.2d 492; Bell v. Nichols, 245 Ala. 274, 16 So. 2d 799; Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830.

Reviewing court will substitute its judgment for that of the jury and trial court on the question of damages only if the ·amount is· so excessive or so grossly in-

adequate as to be indicative of prejudice, passion, partiality or corruption on the part of the jury. Alabama Great Southern R. Co. v. Baum, supra; Birmingham Electric Co. v. Lawson, 239 Ala. 236, 194 So. 659; Cobb v. Malone, supra; Sorrell v. Lindsey, 247 Ala. 630, 25 So.2d 725.

■ Under the evidence in the case at bar and the rules above stated, we do not feel that the verdict should be disturbed here for excessiveness.

■ Immediately after the jury brought its verdict into the court room, defendant's attorney and the bailiff entered the jury room and found 12 slips of paper upon which were written amounts ranging from $2,500 to $15,000. The total of these figures, divided by twelve, was $8,125. Defendant's motion for new trial raised the issue that this established the fact that the verdict of $8,000 was a quotient verdict, entitling it to a new trial. The trial court held a hearing at which nine of the jurors testified in substance that there was no agreement among the jury to be bound by the calculation; that in their discussion of the case the damages proposed by individual jurors varied so grossly that someone suggested that ·each write down the amount he considered appropriate as an award in the case. After the average was shown to be $8,125, the discussion was reopened, and $8,000 was agreed upon as a verdict. In our case of George's Restaurant v. Dukes, 216 Ala. 239, 240, 241, 113 So. 53, 54, Bouldin, J., speaking for the court, said:

"In Southern Railway Co. v. Williams, 113 Ala. 620, 21 So. 328, the rule was declared that, where it reasonably appears data of this kind was the work of the jury, and the verdict corresponds with the quotient so obtained, a reasonable presumption arises that the verdict is a gambling or quotient verdict. The reasons for condemning a verdict so obtained was fully discussed in that case and in International Agr. Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549, 49 L.R.A., N.S., 415. The rule of the Williams

496

case has not been overruled, but expressly or impliedly followed in other cases. New Morgan County Bldg. & Loan Association v. Plemmons, 210 Ala. 286, 98 So. 12; Alabama City, G. & A. Ry. Co. v. Lee, 200 Ala. 550, 76 So. 908; Birmingham R., Light & Power Co. v. Clemons, 142 Ala. 160, 37 So. 925; Birmingham Ry., Light & Power Co. v. Moore, 148 Ala. 115, 42 So. 1024.

"Evidence of. jurors on a motion for a new trial is admissible to sustain their verdict. It may be shown the memoranda, if made by the jury, was a mere tentative expression of the jurors' views for the purpose of further deliberations; that no prior agreement, express or implied, to abide the result, was entered into; that such suggestion, if made, was abandoned, or other facts to show the verdict was the expression of the fair judgment of the several jurors. Caledonian Ins. Co. v. Jones, 214 Ala. 520, 108 So. 331, 332; Western Union Tel. Co. v. Hill, 163 Ala. 18, 37, 50 So. 248, 23 L.R.A.,N.S., 648, 19 Ann. Cas. 1058."

The trial court's ruling that the verdict in this case was not a gambling or quotient verdict, was correct. George's Restaurant v. Dukes, supra; Sanders v. State, 243 Ala. 691, 11 So.2d 740; City of Dothan v. Hardy, 237 Ala. 603, 188 So. 264, 122 A.L.R. 637; Mobile & O. R. Co. v. Watson, 221 Ala. 585, 130 So. 199.

Appellant's refused Charge D-3 was adequately covered by the oral charge of the court and was properly refused. Charge D-4 was properly refused. Apparently, the word "not" was erroneously omitted from line ten of the requested charge, but the substance of the charge with the word "not" so supplied, was contained in the oral charge and the given written charges. Charges D-5, D-7 and D-8 and D-9 all relate to compensation for future disability, pain and suffering and are substantially covered by the court's oral charge and given Charge D-6.

We find no error in the record. The case is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.