88 So.2d 842

## SHELBY COUNTY

v.

## O. A. HATFIELD et al. (Tract No. 88–A).

### 7 Div. 318.

Supreme Court of Alabama.
June 21, 1956.

Handy Ellis, Columbiana, for appellant.

Karl C. Harrison, and Wales W. Wallace, Jr., Columbiana, for appellees.

MERRILL, Justice.

Appeal from a judgment of the Circuit Court of Shelby County fixing appellees' damages and compensation in a condemnation proceeding at $3,500.

On March 5, 1954, Shelby County filed a petition in the Probate Court of that county to condemn lands of appellees for highway purposes. From the final order of condemnation in the Probate Court, the appellees appealed to Circuit Court and demanded a jury. After verdict and judgment in favor of the appellees, appellant filed a motion for a new trial which was overruled and Shelby County prosecuted this appeal.

There are twenty-three assignments of error. Numbers 9, 10, 11, 12 and 13 are not mentioned in brief and are not considered; Supreme Court Rule 9, Code 1940, Tit. 7 Appendix. Appellees strenuously insist that appellant's brief does not comply with other provisions of Rule 9. The "Statement of the Case" is adequate, but the purported "Statement of the Facts" makes no reference "to the pages of the transcript" as required by the rule. The "Propositions of Law" are five general

propositions and comply with the rule, but no specific application to the rulings assigned for error is made in brief, and no authority is ever mentioned or cited in the "Argument" section of the brief in support of any assignment of error. Where there is no citation of, or reference to, an authority in the argument pertaining to any assignment, we think the argument does not " 'reach the dignity of an insistence upon the grounds of error covering it.' " Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604, 607; Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465; 2A Alabama Digest Appeal and Error ⬅ 756, 758(1) and 1079. Although Appellant's brief does not conform with Rule 9, we can, in our discretion, consider some of the assignments of error insisted on in brief; Simmons v. Cochran, 252 Ala. 461, 41 So. 2d 579, and we exercise that discretion, because most of the assignments are concerned with requested written charges.

Assignments of error 1, 2, 3, 4, 5, 7, 8 and 14 are based upon the refusal of certain requested written charges. All of these charges instructed the jury that the fact that adjacent lots may have been filled in with dirt or rock, or that water was caused to flow onto appellees' land, "cannot be considered by you." But appellant requested, and the court gave, a written instruction (charge A–1) that the jury should consider the fill and the water. This latter charge was inconsistent and in conflict with the eight refused charges. The appellant, having invoked the ruling of the court in giving charge A–1, will not be heard to complain that the court refused to give written charges inconsistent therewith. Western Union Tel. Co. v. Griffith, 161 Ala. 241, 50 So. 91. Moreover, some of these charges were properly refused because they were not predicated on the evidence. Walls v. Decatur Fertilizer Co., 215 Ala. 426, 111 So. 214; Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422; Birmingham Baptist Hospital v. Branton, 218 Ala. 464, 118 So. 741; Hammond Motor Co. v. Acker, 219 Ala. 291, 122 So. 173.

Assignment of error 6 is based upon the refusal of charge 6. This charge is elliptical, in that there is no subject for the predicate, and reversible error will not be predicated on its refusal. Sovereign Camp, W. O. W. v. Gay, 217 Ala. 543, 117 So. 78; Jones, Alabama Jury Instructions Sec. 281.

Assignments of error 15, 16 and 18 relate to exceptions taken to parts of the oral charge of the court. The statements of the court were to the effect that in estimating the damages, the jury may take into consideration the acreage or amount and value of the land taken for the right of way. Appellant's discussion of assignment of error 15 includes the following:

"It has been held by this court that where a part of a tract of land is taken for public road purposes, the jury cannot assess damages for the property actually taken, but the true test is the difference between the reasonable market value of the land before taking and at the completion of the work."

No authority is cited, but, based on the argument, appellant's fifth proposition of law probably is directed at this contention. That proposition is:

"V. When a public right of way is condemned across a tract of land, only a portion of it is taken, the jury cannot award damages for the area of land actually taken. Roundtree Farm Co. v. Morgan County, 249 Ala. 472, 31 So.2d 346; Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838."

Each of the cases cited contain this statement:

"The final inquiry as to the compensation to be awarded, if any, is the difference between the value of the entire tract immediately before the taking and the value of the part of the tract remaining after the taking, giving effect to any enhancement in value of the part remaining resulting from the

construction of the road. If the part remaining is worth as much as or more after completion of the project than the entire tract was worth immediately before the taking, the landowner has sustained no damage and is not entitled to any compensation."

Each case cites in support of the statement, several cases including the cases from which we now quote. In Pickens County v. Jordan, 239 Ala. 589, 196 So. 121, 123, this court said:

"As to the ascertainment of value, it is declared in Rudder v. Limestone County, supra, [220 Ala. 485, 125 So. 670, 68 A.L.R. 776] as follows: In the case of 'Alabama Cent. R. Co. v. Musgrove, 169 Ala. 424, 53 So. 1009, condemnation sought was under the statutes and the Constitution of 1901; just compensation was said to include (1) the value of the land taken; (2) any injury to the remaining part of the tract of land; (3) as an element in assessing damages for the taking of land, the adaptability of the land taken for a special purpose, affecting its value, must be taken into consideration; (4) damages to other lands of the landowner limited to the tract, a portion of which is taken, may extend to recovery for damages to the entire tract; (5) that the proper way to arrive at diminution in value of the remaining land of said tract is the difference in the market value just before and just after the taking.' "

In Pryor v. Limestone County, 222 Ala. 621, 134 So. 17, 18, the court said:

" * * * 'The final inquiry is the difference between the value of the tract before and after the completion of the project.'

"But, in answering this final inquiry, it is proper for the jury to consider all circumstances which tend to depreciate its value as a direct result of the work."

See also Alabama Power Co. v. Henson, 237 Ala. 561, 187 So. 718, 720, where it was said:

"The well known measure of damages in such cases is the difference in market value of the tract or body of lands before and after the taking.

"This may be proven by evidence of the value before taking and the value thereafter. The evidence may go into greater detail. It may be directed to the value of the strip over which the condemner for public use obtains such dominant use and control over the same that its full value on an acreage basis should be included."

Therefore, one of the elements of "just compensation," and one of the elements of value to be considered is the value of the land actually taken, and the oral charge of the court was in conformity with this principle. The oral charge also adequately covered the rule as to "the final inquiry" in these cases. We add that we are unable to agree that the two Morgan County cases cited in proposition V are supportive of the proposition quoted from appellant's brief, nor do they support the quoted portion of appellant's argument.

■ Assignment of error 19 is based on the trial court's failure to grant the motion for a new trial. Appellant argues that certain photographs introduced at the hearing on the motion showed that very little substantial damage had been done to appellees' property. The trial court permitted the photographs into evidence over objection of the appellees. The record is silent as to when the pictures were taken, except that they must have been taken at least two days before the hearing on the motion, because the photographer's affidavit was acknowledged on that date. There is nothing in the record to show that this evidence is intended to impeach or contradict former evidence or that it is newly discovered evidence. For aught that appears from the record, this evidence was neither relevant nor material

**492**

and there was a total lack of identification as to the time the pictures were taken. We assume the trial court did not consider them and neither can we. Based on the record before us, the motion for a new trial was properly overruled.

There is no support in the propositions of law in brief for the remaining assignments of error and they are not considered.

The judgment of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.