96 So.2d 741

The GREAT ATLANTIC and PACIFIC TEA COMPANY

v.

Gertrude WEEMS.

The GREAT ATLANTIC and PACIFIC TEA COMPANY

v.

Marvin WEEMS.

6 Div. 903, 903–A.

Supreme Court of Alabama.

June 27, 1957.

Rehearing Denied Aug. 22, 1957.

416

Drennen, Loeb & Drennen, Birmingham, for appellant.

Taylor, Higgins, Windham & Perdue, Birmingham, for appellees.

GOODWYN, Justice.

Gertrude Weems, plaintiff below and appellee in 6 Div. 903, brought suit in the circuit court of Jefferson County against The Great Atlantic and Pacific Tea Company, appellant, and Carl Burton, the store manager for said company, to recover damages for personal injuries allegedly suffered by said plaintiff when she slipped and fell to the floor of appellant's grocery store located in the city of Jasper, Walker County, Alabama. Appellant's negligence was alleged to be its failure "to maintain said store at the place where plaintiff slipped and fell in a reasonably safe condition for the use of customers in said store." It

appears from the evidence offered by plaintiff that her injuries resulted from slipping on lettuce leaves which were on the floor of the store just outside of one of the checking-out aisles towards the front entrance to the store.

In 6 Div. 903-A, Marvin Weems, appellee, as the husband of Gertrude Weems, brought suit against the same defendants in the same court to recover damages for loss of services of his wife and expenditures made by him in connection with her said injuries; it being alleged that he "was put to great trouble, annoyance, inconvenience, loss of time and great expense in and about his efforts to heal and cure the said wounds and injuries of his said wife", with the further allegation that "all of the said injuries and damages to his said wife, with resultant damage to plaintiff were caused as a proximate result of the negligence of the defendants in this: Defendants negligently failed to maintain said store at the place where plaintiff's said wife slipped and fell in a reasonably safe condition for the use of customers in said store."

Both cases were tried together in the circuit court. Separate verdicts were rendered by the jury against The Great Atlantic and Pacific Tea Company in favor of Gertrude Weems for $1,500 and in favor of Marvin Weems for $500. Verdicts were rendered in favor of the defendant Carl Burton. These appeals are from the judgments rendered on the verdicts in favor of the Weems'. By agreement of the parties both cases were submitted here on one record.

■ Although questions are raised with respect to rulings of the trial court on objections to evidence, argument of counsel, the refusal to give certain requested written charges, and the excessiveness of the verdicts, the principal question presented is whether the evidence sufficiently shows a failure of appellant to maintain its store in a reasonably safe condition for the use of its customers. It is appellant's insistence that there is no evidence to support a find-

ing that the lettuce leaves on which Mrs. Weems claims to have slipped had been on the floor of the store a sufficient length of time to put appellant on notice of that condition and that without such evidence there can be no recovery. Although appellant's witnesses denied the existence of the condition of the floor as charged by Mrs. Weems there is ample testimony given by witnesses for appellees showing that at the time Mrs. Weems fell there was at least one "old, dirty, mashed lettuce leaf" on the floor. On the issue of the presence of the lettuce on the floor the evidence is in direct conflict. In this situation the question was one for the jury. And it is to be noted that the trial judge denied the motion for a new trial, thus refusing to disturb the verdict of the jury. It seems to us that what was said in Great Atlantic & Pacific Tea Company v. Popkins, 260 Ala. 97, 99, 69 So. 2d 274, 276, is of controlling influence here, to-wit:

"We cannot sustain the claim by appellant that it was due the affirmative charge on the principles declared in Britling Cafeteria Co. v. Naylor, 254 Ala. 84, 47 So.2d 187; Ten Ball Novelty & Manufacturing Co. v. Allen, 255 Ala. 418, 51 So.2d 690; Kittrell v. Alabama Power Co., 258 Ala. 381, 63 So.2d 363; Standard Oil Co. v. Gentry, 241 Ala. 62, 1 So.2d 29. The controlling facts are materially different. In the Britling case if a bean on the floor caused plaintiff to slip, it did not appear that defendant was negligent, and there was nothing from which such a conclusion could be properly inferred. Here it was proven by direct evidence that the lettuce leaf on the floor caused plaintiff to slip, and then trip on a bag of groceries in her way at a place which should have been free from dangerous substances if she was in an open aisle. *The lettuce leaf was shown to have been dirty, crumpled and mashed. The jury could find from that condition that it had been on the floor long enough to have raised a duty on defendant to discover and remove it.* The bag of groceries alone would probably not have caused plaintiff to fall, but it aided the lettuce leaf in doing so. It was open to the jury to find that an employee of defendant put the bag of groceries where it should not have been, if it was at an open aisle. So that it was open to the jury to find that plaintiff went through an open aisle and was caused to slip on account of those substances in her way, and that defendant owed her a duty not to cause her to be injured by its negligence, but it was negligent in that respect in not discovering and removing those substances which proximately caused the injury, and that plaintiff was not negligent proximately causing her fall and injury. Therefore the affirmative charge was properly refused appellant." [Emphasis supplied.]

We take note of the argument made on behalf of appellant that a different duty should be declared to be owed by the operator of a so-called "self-service store" from that owed by the operator of a store where the sales are handled by employees of the operator. We see no occasion to discuss that argument in this case for the reason that the evidence cleary establishes that the lettuce leaves on which Mrs. Weems claims to have slipped were not on the floor in that part of the store where customers would serve themselves. As already noted the evidence places the lettuce leaves between the checking counters and the front entrance to the store.

■ Although the evidence does not show that Mrs. Weems suffered any permanent injury we find no basis for saying that the verdict in her favor was excessive. The assessment of damages in any case necessarily must be left, in the first instance, largely to the discretion of the jury and, on motion for new trial, to the discretion of the trial judge. In these cases the trial judge refused to disturb the verdicts. As said in Montgomery City Lines v. Davis, 261 Ala. 491, 494, 495, 74 So.2d 923, 925:

"The rule has often been stated in this court that a jury's award of damages cannot be disturbed unless so excessive or so grossly inadequate as to indicate passion, prejudice, corruption or mistake. It is also the rule that damages which may be awarded for pain and mental anguish are in large measure discretionary and unless the amount awarded is so excessive or inadequate as to indicate prejudice or passion, they will not be reversed. 2 Alabama Digest, Appeal and Error, ⊕ 1004(1), cites many cases supportive of this statement.

\*   \*   \*   \*   \*   \*

"\* \* \* The trial court having seen and heard the witnesses testify, was in a better position than the Supreme Court to determine whether damages assessed by the jury were excessive. Tennessee Coal, Iron & Railroad Co. v. Aycock, 248 Ala. 498, 28 So.2d 417. When the trial court has refused to disturb a verdict because of the amount recovered, a reviewing court is reluctant to substitute its judgment for that of the jury and the trial court. Alabama Great Southern R. Co. v. Baum, 249 Ala. 442, 31 So.2d 366; Wilson & Co., Inc., v. King, 250 Ala. 90, 33 So.2d 351; Birmingham Electric Co. v. Howard, 250 Ala. 421, 423, 34 So.2d 830; Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190."

We are unable to say that the amounts of the verdicts in these cases are "so excessive \* \* \* as to indicate passion, prejudice, corruption or mistake" on the part of the jury.

■ Several of the assignments of error relate to rulings on questions (including refusal to give a requested written charge) dealing with the bringing of the suits in Jefferson County instead of Walker County, where the injuries were sustained. It is not questioned that the circuit court of Jefferson County had jurisdiction. Section 232, Constitution 1901, provides, in sub-

stance, that a foreign corporation may be sued in any county in which it was doing business by agent at the time the suit was filed. Code 1940, Tit. 7, § 60, is to the same effect. Since the suits were properly brought in Jefferson County we see no merit in these assignments of error.

A further insistence is that error was committed in refusing to give three requested written charges relating to the failure of Marvin Weems to testify. The three refused charges are as follows:

"2. The fact that Marvin Weems, being present at the time and place his wife testified she fell, did not testify raised a presumption that his testimony would have been adverse and damaging to him."

"4. If you are reasonably satisfied from the evidence that the plaintiff, Marvin Weems, has by his failure to testify, withheld from the jury facts damaging to him, he cannot recover."

"5. The mere fact that Marvin Weems did not testify raises the presumption that his testimony would have been unfavorable and damaging to him."

■ As to Charge 2, it is to be noted that it is without hypothesis on a belief of the evidence. We have held that neither the giving nor the refusal of such charge will, as a rule, work a reversal. Walls v. Decatur Fertilizer Co., 215 Ala. 426, 428, 111 So. 214; Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 151, 112 So. 422; Birmingham Baptist Hospital v. Branton, 218 Ala. 464, 468, 118 So. 741; Hammond Motor Co. v. Acker, 219 Ala. 291, 292, 122 So. 173; Shelby County v. Hatfield, 264 Ala. 488, 490, 88 So.2d 842.

■ Charge 4, in effect, is an affirmative charge for the defendant. That is to say, any inference or presumption to be indulged against Weems would, by this charge, deny to the jury the right to consider any other evidence. There was no error in refusing this charge.

**420**

Charge 5 was properly refused. The nature of the presumption, whether conclusive or rebuttable, is not stated and for this reason alone the charge is uncertain and misleading.

We have not attempted to discuss the principles applicable when a party to a civil suit fails to testify. For a discussion of principles governing the right to *comment* on the failure or refusal of a party to testify, see Hinton & Sons v. Strahan, ante, p. 307, 96 So.2d 426.

Among the 32 assignments of error are several relating to the trial court's refusal to give other requested written charges. We have examined and carefully considered each of these charges and do not find error in their refusal.

The judgment in each case (6 Div. 903 and 6 Div. 903–A) is due to be affirmed.

Affirmed.

All the Justices concur.

### On Rehearing

GOODWYN, Justice.

The opinion refers to the presence of lettuce "leaves," which appellant says is not correct; that the evidence conclusively shows there was only one lettuce leaf. Although some of the witnesses testified to the presence of a single leaf, there was evidence (testimony of Fred Lockhart) that there were lettuce "leaves" at the place where Mrs. Weems fell. But whether there was one leaf or more is not the controlling factor. We reaffirm our conclusion that the evidence presented a question for the jury. Great Atlantic & Pacific Tea Co. v. Popkins, 260 Ala. 97, 99, 69 So.2d 274, supra.

It is further insisted that we should have decided whether the operator of a so-called "self-service store" owes to its customers a duty different from that owed by the operator of a store where sales are handled by the operator's employees. Al-

though we still feel that there is no occasion to discuss this question for the reason stated on original deliverance, in deference to the insistence of counsel we make the observation that the basis of liability of a store owner to his customers (invitees) is his failure to exercise reasonable care to keep his premises in a reasonably safe condition. Ten Ball Novelty & Mfg. Co. v. Allen, 255 Ala. 418, 420, 51 So.2d 690; F. W. Woolworth Co. v. Ney, 239 Ala. 233, 234–235, 194 So. 667. And we see no good reason why this rule should not apply when the store is one commonly referred to as a "self-service store" as well as one where there are employees who wait on the customers and assist them in making their purchases. Of course, whether "reasonable care" is exercised to keep the premises "in a reasonably safe condition" depends upon the particular facts and circumstances in each case.

Application for rehearing denied.

LIVINGSTON, C. J., and LAWSON, SIMPSON and COLEMAN, JJ., concur.