105 So.2d 705

**SOUTHERN RAILWAY COMPANY**

v.

**Jim SMITH.**

**2 Div. 378.**

Supreme Court of Alabama.

Oct. 9, 1958.

Jones, McEachin & Ormond and Marvin T. Ormond, Tuscaloosa, for appellant.

LeMaistre, Clement & Gewin, Walter P. Gewin, Tuscaloosa, for appellee.

**236**

COLEMAN, Justice.

Jim Smith, plaintiff below, appellee here, sued the appellant, Southern Railway Company, a corporation, and its employee, Albert D. Perkins, for damages for personal injury sustained by plaintiff as a result of being struck by an automobile driven by said Perkins during the course of his employment.

The case was submitted to the jury on the amended complaint which contained one count charging simple negligence. Demurrer to the complaint was overruled, and both defendants pleaded in short by consent. Judgment for plaintiff for $35,000 was entered in accordance with the verdict of the jury. Motion for new trial was overruled and the corporate defendant has appealed to this court. The defendant, Perkins, was cited to join in the appeal as required by § 804, Title 7, Code 1940, but he has made no appearance here.

The record shows that defendant, Perkins, while acting within the scope of his employment, operated an automobile so as to cause it to strike the plaintiff, while he was walking along the shoulder of a straight portion of U. S. Highway 80, in Marengo County. Plaintiff and the automobile were traveling in the same direction. Plaintiff was on the left shoulder of the highway when the automobile crossed to the left side of the road and struck him in the back. There appears to be no conflict in the evidence on the question of liability.

As a preliminary question, we consider appellant's motion to strike all or a portion of appellee's brief. Grounds of the motion are that appellee's brief contains certain statements relating to matters which have occurred since the trial.

In refusing to consider evidence not in the record, but only in the brief, this court has said:

"* * * It is important to note that there was no semblance of testimony offered tending to show any kind of publishing, by the defendant, of its schedules, routes, or changes of cars for any destination over its lines. This fact, if so, is found in the brief, but not in the record, where, to avail, it must be." Central of Georgia Ry Co. v. Ashley, 159 Ala. 145, 158, 48 So. 981, 985. See also cases cited in Alabama Digest Appeal and Error ☜ 714(5).

Those portions of appellee's brief, on pages 11, 12, 13 and 22, thereof, referring to matters of fact not in the record are improperly included therein, and will not be considered. The motion to strike same is granted.

### Proposition I.

The principal ground for reversal relied on by appellant is that the trial court erred in overruling those grounds of the motion for new trial which state that the verdict is excessive. Appellant insists that the amount of the verdict was so excessive as to plainly and palpably indicate that it was produced by prejudice, passion, partiality, bias, or mistake.

The only evidence offered at the trial was introduced by the plaintiff, no witness or exhibit was offered by defendants. Plaintiff's injuries may be summarized as follows:

"He was admitted to the hospital for injuries—primarily injury to both lower legs. His right leg had suffered a very violent type of fracture just above the ankle, what we call a comminuted fracture where the bone is broken in more than one place. The skin was not broken. His left leg suffered similar fracture but the bone

had torn out of the flesh and he had very extensive injury to the soft tissues and skin and the muscles were torn. He probably had some other injuries. I don't recall too well. He had a large bruise on one hip—* * *." The tibia, or larger bone of plaintiff's right leg, was broken into more than two pieces, there was one large fragment and several small fragments "displaced in the soft tissue, but the right leg bone was not sticking through the skin;" the smaller bone in the right leg was also broken; the large bone in his left leg was broken, had torn out of the soft tissue and produced an L-shaped tear approximately 8 inches long in the skin; both bones in both legs were broken; his pelvis was fractured; a cast was kept on his left leg from time of accident to time of trial (8 months); two metal pins were driven into the marrow and bone to fasten the fracture of the right leg; two metal pins were also driven into the left leg and a stainless steel screw was placed across the fracture; the skin covering the screw died and exposed the screw which was then removed; plaintiff began walking with crutches 4 months after the accident; "He is getting a very excellent result in his leg for the injury he had, but it was a violent injury and has to do with the ankle joint although it was not an injury of the ankle itself. There is the discomfort of having been in plaster all that time. They have to limber up the joints and muscles. Then they have a certain amount of swelling. He is not experiencing the swelling now he will get because he is not very active yet."; the large bone in left leg had not healed at time of trial, plaintiff suffered infection of the bone marrow in that leg, the infection did not respond to antibiotics; additional medical and hospital treatment would be required, possibly a bone graft would be necessary; prognosis as to left leg is uncertain and the infection could become more extensive and plaintiff might lose his leg, but he might get "a healing of the fracture," the possibility of amputation could not be excluded; plaintiff's right leg should continue to become stronger and

improve; plaintiff's leg hurts some nights but not every night and plaintiff does not sleep well at night; there was a window in the cast on one leg for the draining sore which has to be dressed every day; plaintiff has to have shots to relieve pain; he had extensive hospital and surgical treatment causing pecuniary loss of a "little more than $5,000.00" and "approximately $25,000.00 to $30,000.00 must be considered as compensation to Appellee for physical disability and for unpleasant mental stimuli which he has suffered," as we understand appellant's briefs; plaintiff cannot go to the bathroom by himself and he requires assistance in going up and down steps, in getting up and down out of a chair, and in dressing and undressing; he was 72 years old and had not worked at a regular job for several years before the time of the injury; and at that time his only earnings came from working a garden.

■■■ The rules to govern review of a verdict claimed to be excessive have been concisely stated as follows:

"* * * As said in Montgomery City Lines v. Davis, 261 Ala. 491, 494, 495, 74 So.2d 923, 925:

"'The rule has often been stated in this court that a jury's award of damages cannot be disturbed unless so excessive or so grossly inadequate as to indicate passion, prejudice, corruption or mistake. It is also the rule that damages which may be awarded for pain and mental anguish are in large measure discretionary and unless the amount awarded is so excessive or inadequate as to indicate prejudice or passion, they will not be reversed. 2 Alabama Digest, Appeal and Error, ☞1004(1), cites many cases supportive of this statement.

\* \* \* \* \* \*

"'\* \* \* The trial court having seen and heard the witnesses testify, was in a better position than the Supreme Court to determine whether damages assessed by the jury were excessive. Tennessee Coal, Iron & Rail-

road Co. v. Aycock, 248 Ala. 498, 28 So.2d 417. When the trial court has refused to disturb a verdict because of the amount recovered, a reviewing court is reluctant to substitute its judgment for that of the jury and the trial court. Alabama Great Southern R. Co. v. Baum, 249 Ala. 442, 31 So.2d 366; Wilson & Co., Inc., v. King, 250 Ala. 90, 33 So.2d 351; Birmingham Electric Co. v. Howard, 250 Ala. 421, 423, 34 So.2d 830; Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190.'" Great Atlantic & Pacific Tea Co. v. Weems, 266 Ala. 415, 418, 419, 96 So.2d 741, 744.

█ Appellant places emphasis on plaintiff's age and the fact that he was unemployed at the time of the accident and so had little probability of future earnings at that time. Loss of future earnings is proper to be considered by the jury in reaching a verdict, but the verdict is not to be based on that element alone. This court has said:

"* * * In some of these (cases) it appears that the plaintiff's earning capacity was considerably greater than that of the plaintiff here; but, while that may be an important element, it cannot be regarded as a controlling factor in the amount of the verdict. (Citations omitted.)" (Paren. supplied.) Louisville & N. R. Co. v. Williams, 183 Ala. 138, 153, 62 So. 679, 684.

It is true that the last cited case involved punitive damages which are not present in the instant case, but the principle that age alone is not controlling applies as well in ascertaining damages which are merely compensatory.

One of our more recent cases in which a verdict for damages for personal injuries resulting from simple negligence was upheld is Roberts Construction Co. v. Henry, 265 Ala. 608, 93 So.2d 498. In that case this court refused to set aside an award of $37,950. The damages there were similar to those in the case at bar.

From the order of the trial court overruling the motion for a new trial, we quote the following:

"This cause coming on to be heard upon the motion of Southern Railway Company, a Corporation, to set aside the verdict of the jury and the judgment of the Court and to grant a new trial, and said motion having heretofore been taken under advisement by the Court, and the court having heard the arguments of counsel and having read and considered the authorities cited by both parties together with other cases and commentaries on judgments of this nature, and the court having had mature deliberation thereon is of the opinion that all parties to this cause were ably represented in all phases of the case; that the case was fully developed and that all essential and relevant matters were fully presented to the jury; that the plaintiff, Jim Smith, was present in court and that his demeanor and injuries were observed by the court and by the jury; that the jury was composed of good, capable men most of whom had a background of considerable business experience and that there was no bias, prejudice, passion or mistake in the verdict of the jury in this cause, and the Court is of the opinion, after giving full consideration to the evidence submitted to the jury and to the law involved in the case, that the motion of the defendant, Southern Railway Company, to set aside the verdict of the jury and the judgment of the court and to grant a new trial is not well taken and should be denied and overruled."

█ Under the rules appertaining, we are not persuaded that the verdict of the jury was the result of bias, prejudice, partiality, passion, or mistake, or that the trial court erred in overruling the motion for a new trial.

Proposition II.

Appellant argues that the trial court committed error by violating Circuit Court Rule 15, Code 1940, Tit. 7 Appendix, in calling this case for trial, over objection of appellant, in advance of three other cases which preceded the instant case on the trial docket.

The question thus presented has been decided adversely to appellant in Knowles v. Blue, 209 Ala. 27, 95 So. 481, where this court held that the action of a trial court in calling a case for trial, in advance of other cases previously filed and set for trial, did not constitute a violation of a plaintiff's rights under Circuit Court Rules 1 and 15, such rules being directory merely. No prejudice to any right of appellant being shown, such action of the trial court in the instant case was without error.

The judgment below is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.