This appeal arises out of a collision between an automobile driven by appellant Virginia B. Feazell and a motorcycle driven by appellee Randy Campbell, who was fifteen at the time of the accident. Two suits were brought against Mrs. Feazell for damages for personal injuries sustained by Randy Campbell as a result of the collision, one by Randy Campbell, suing through his mother as next friend, and another by appellee Annie Campbell, the mother. This second suit was brought under the provisions of Title 7, section 118, Code of Alabama 1940 (§6-5-390, Code 1975), which permits suits by the mother in certain enumerated circumstances for injuries to a minor child.
Randy Campbell's complaint contained counts alleging negligence, wantonness, negligent transportation resulting in aggravation of injuries, and wanton transportation resulting in aggravation of injuries. Mrs. Campbell's complaint alleged negligence and wantonness.
Mrs. Feazell pleaded the general issue and also the defense of contributory negligence to Randy Campbell's complaint. To Mrs. Campbell's complaint she pleaded the general issue.
The two cases were consolidated for trial. Following the hearing of the evidence, the jury returned a verdict and judgment in favor of Randy Campbell in the sum of $20,000.00. A separate verdict and judgment in favor of Mrs. Campbell was rendered by the jury for $10,000.00. *Page 1019 
Motions for judgment notwithstanding the verdict, or, in the alternative, for new trial, were filed by Mrs. Feazell in both cases and were overruled by the trial court. This appeal, in which the two cases have been consolidated for review, then followed.
Mrs. Feazell first urges this court to reverse the jury verdict and judgment in favor of Mrs. Campbell, the mother, because the $10,000.00 award exceeds the amount of recoverable damages proven by Mrs. Campbell by competent evidence. However, this court must decline to consider the question of the excessiveness of the verdict on this appeal for the reasons hereinafter discussed.
A review of the record shows that none of the grounds assigned by Mrs. Feazell as the basis of her motion for judgment notwithstanding the verdict, or, in the alternative, new trial, in Mrs. Campbell's action makes any reference to the alleged excessiveness of the $10,000.00 verdict. We also note that the question of excessiveness of the verdict was never presented to the trial court, and, further, that the trial court did not direct the jury in the amount of the verdict. Thus, no ruling has been made by the trial court on the question here sought to be reviewed.
 "Our cases make it clear that the question of the excessiveness of the jury's verdict will not be considered or determined on appeal unless such question is first presented to the lower court which is usually done by motion for a new trial. The motion must specifically challenge or question the amount of the verdict as being excessive. § 811, Title 7, Code of 1940; Cook Laurie Contracting Co. v. Bell, 177 Ala. 618, 59 S. 273; Central of Georgia R. Co. v. Chicago Varnish Co., 169 Ala. 287, 53 So. 832; Central of Georgia R. Co. v. Chambers, 197 Ala. 93, 72 So. 351.
 "The obvious purpose of requiring the question of the excessiveness of the verdict to be first raised in the lower court, is to provide an opportunity for the trial judge to resolve the question and an opportunity for the appellee to file a remittitur without the additional expense, inconvenience and delay of appeal and without burdening the Supreme Court with such a question raised for the first time on appeal."
State v. Ferguson, 269 Ala. 44, 45, 110 So.2d 280, 281-82
(1959). See also State v. Long, 344 So.2d 754 (Ala. 1977).
The second point urged as error by Mrs. Feazell involves the following portion of the trial court's oral instructions to the jury:
 "Now, of course, we have damages claimed in both suits. In one aspect they are claiming compensatory damages. . . . There are also claims for punitive damages. The purpose of awarding punitive or exemplary damages is to allow money recovery to the Plaintiff by way of punishment to the Defendant and for the added purpose of protecting the public by deterring the defendant and others from doing such wrongs in the future. The imposition of punitive damages is entirely discretionary with the Jury. Should you award punitive damages in fixing an amount you must take into consideration the character and the degree of the wrong as shown by the evidence in the case and the necessity of preventing similar wrongs."
As a general rule, a parent cannot recover punitive damages in a suit under Title 7, section 118, Code of Alabama 1940 (§6-5-390, Code 1975), for personal injuries to a minor child.Bube v. Birmingham Railway, Light Power Co., 140 Ala. 276,37 So. 285 (1904). According to Mrs. Feazell, the above quoted statement by the trial court misled and confused the jury by implying that, like her son, Mrs. Campbell could recover to the wanton count in her complaint. This argument is predicated upon the supposition of Mrs. Feazell that the jury included some amount as punitive damages in its general verdict and $10,000.00 award.
Mrs. Feazell failed to properly preserve the alleged error in the trial court instruction for our review. *Page 1020 
Rule 51 of the Alabama Rules of Civil Procedure states in pertinent part the following:
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
At the conclusion of the trial court's oral instruction, counsel for Mrs. Feazell entered the following objection to the oral charge given by the trial court:
 ". . . The Defendant would further except to that portion of the Court's oral charge wherein it read Alabama Pattern Jury Instruction 11.03 which defines punitive damages."
This court has stated that the purpose of stating grounds for objections is to give the trial court an opportunity to correct the instructions and to avoid the waste of time and money from reversals that result from oversight, technical omissions, or remedial mistakes. Gardner v. Dorsey, 331 So.2d 634 (Ala. 1976). We find that the objection in the present case did not adequately inform the trial judge of his error nor afford him the opportunity to correct it. The objection was too general and failed to specifically point out alleged errors in the oral charge.
We further note that if Mrs. Feazell thought that the instruction of the trial court could possibly mislead or confuse the jury, explanatory charges should have been requested. The law was not incorrectly stated by the trial court. Thus, having failed to request either an explanatory or a correct complementary charge, Mrs. Feazell cannot complain of these matters on appeal. Dees v. Gilley, 339 So.2d 1000 (Ala. 1976); Horace v. VanBlaricon, 291 Ala. 530, 283 So.2d 421
(1973); Marigold Coal, Incorporated v. Thames, 274 Ala. 421,149 So.2d 276 (1963).
The three final allegations of error raised by Mrs. Feazell on this appeal concern the judgment and $20,000.00 jury verdict in favor of Randy Campbell. Mrs. Feazell asks this court to reverse that judgment and jury verdict because the trial court erroneously submitted to the jury the issue of alleged aggravation of Randy Campbell's injuries due to the negligent and/or wanton conduct of Mrs. Feazell, erroneously submitted the wantonness count of Randy Campbell's complaint to the jury, and, finally, erroneously instructed the jury that Randy Campbell could recover damages for the loss of earnings and future earning capacity. We will consider these contentions seriatim.
It is the position of Mrs. Feazell that she was under a statutory duty to render aid and assistance to Randy Campbell pursuant to the provisions of Title 36, section 128, Code of Alabama 1940 (§ 32-10-2, Code 1975). Thus her actions in transporting Randy Campbell to the physician following the accident were not voluntarily undertaken by her and no common law liability for negligent and/or wanton performance of actions voluntarily assumed arose.
We have found no cases construing the duty to render aid and assistance under Title 36, section 128. However, whether or not Mrs. Feazell voluntarily or involuntarily undertook to help Randy Campbell, we find that she had a duty to render such aid and assistance in a reasonable non-negligent manner.
 ". . . The common law is the base upon which all of the laws of this State have been constructed, and when our courts are called upon to construe a statute, — when they are called upon to ascertain and declare the legal effect and meaning of legislative enactment, — they must read the statute in the light of the common law. Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 62 So. 712, 47 L.R.A., N.S., 607. `The presumption is that the legislature does not intend to make any alteration in the law beyond what it explicitly declares, either in express terms or by unmistakable implication, and that it does not intend to overthrow fundamental principles, infringe rights, or depart from a general system *Page 1021 
of law without expressing its intention with irresistible clearness.' Duncan v. Rudulph, 245 Ala. 175, 16 So.2d 313, 314."
Weaver v. Hollis, 247 Ala. 57, 60, 22 So.2d 525, 528 (1945). See also Beasley v. McDonald Engineering Co., 287 Ala. 189,249 So.2d 844 (1971).
Title 36, section 128 alters the common law by adding the affirmative duty to render aid, if it is apparent such is necessary, in cases where death or personal injury result from a motor vehicle accident. However, the statute does not, either expressly or impliedly, abrogate the common law duty to render such aid in a reasonable non-negligent manner. Thus we hold that the trial court properly submitted the issue to the jury for its determination as to whether Mrs. Feazell breached such duty by the manner in which she transported Randy Campbell to the physician and whether Randy Campbell suffered injury as a consequence of that breach.
The contention of Mrs. Feazell that the trial court erroneously allowed the wanton count of Randy Campbell's complaint to be submitted to the jury is without merit.
Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Griffin Lumber Co. v. Harper,247 Ala. 616, 25 So.2d 505 (1946); First Nat. Bank of Dothan v.Sanders, 227 Ala. 313, 149 So. 848 (1933); Duke v. Gaines,224 Ala. 519, 140 So. 600 (1932).
In Sparks v. Milligan, 295 Ala. 358, 361, 330 So.2d 417,418-19 (1976), this court quoted the following from Jackson v.Cook, 275 Ala. 151, 155, 153 So.2d 229, 232 (1963):
 "[i]n considering the question of the sufficiency of the evidence of wantonness to be submitted to the jury, this court must accept the adduced evidence most favorable to the plaintiff as true, and indulge such reasonable inferences as the jury was free to draw from the evidence."
A small portion of the evidence presented at trial was that the site of the accident was a steep mountainous road at or near a curve; that Mrs. Feazell had travelled the road often and was therefore familiar with the area where the accident occurred; that Mrs. Feazell knew there were no traffic signs along the route which was travelled by Randy Campbell; that Mrs. Feazell was proceeding down the mountainous road with her automobile in low gear and her foot off the brakes when the accident occurred; and, finally, though conflicting testimony was presented, that Mrs. Feazell was operating her automobile on the left side of the road.
Giving this evidence the most favorable construction in support of the jury verdict, we are not persuaded that the wanton count was unsupported by the evidence. Therefore, no error was committed by the trial court in allowing this issue to be submitted to the jury.
Lastly, we do not agree with Mrs. Feazell that the trial court erroneously instructed the jury that damages could be awarded to Randy Campbell for loss of earnings and future earning capacity.
Loss of earnings and future earning capacity consequent to an injury are proper elements of damages allowable in a personal injury action. Fitzpatrick v. Dean, 278 Ala. 284, 177 So.2d 909
(1965); Southern Railway Company v. Smith, 268 Ala. 235,105 So.2d 705 (1958); Birmingham Electric Co. v. Cochran, 242 Ala. 673, 8 So.2d 171 (1942). Further, assessment of damages is left largely to the discretion of the jury. Rosen v. Lawson,281 Ala. 351, 202 So.2d 716 (1967); F.W. Woolworth Company v.Bradbury, 273 Ala. 392, 140 So.2d 824 (1962); Clark v. Hudson,265 Ala. 630, 93 So.2d 138 (1956).
Testimony was given at trial by the physician who treated Randy Campbell to the effect that Randy Campbell had suffered permanent injury as a result of the accident. Further, mortality tables were introduced to show Randy Campbell's life expectancy. Evidence as to his earning capacity was also presented. We therefore *Page 1022 
find that the trial court was justified in instructing the jury on this point.
The judgments of the lower court are hereby affirmed.
AFFIRMED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.