Rel: April 4, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2024-0607

_____

**Anastasiia Mukhina**

**v.**

**Bank of England**

**Appeal from Baldwin Circuit Court**
**(CV-23-900951)**

McCOOL, Justice.

AFFIRMED. NO OPINION.

See Rule 53(a)(1) and (a)(2)(F), Ala. R. App. P.

Stewart, C.J., and Shaw, Wise, Bryan, Sellers, Mendheim, and Cook, JJ., concur.

Mitchell, J., concurs in part and dissents in part, with opinion.

MITCHELL, Justice (concurring in part and dissenting in part).

I agree with the Baldwin Circuit Court's decision to deny Anastasiia Mukhina's fraud and fraudulent-suppression claims. But the Bank of England failed to satisfy the Equal Credit Opportunity Act's ("ECOA") notification requirement. See 15 U.S.C. § 1691(d); 12 C.F.R. § 202.9. And that failure gives rise to an independent cause of action that, contrary to the trial court's holding, does not require a showing of discrimination. See 15 U.S.C. § 1691(d); see also Jochum v. Pico Credit Corp. of Westbank, Inc., 730 F.2d 1041, 1043 n.3 (5th Cir. 1984) (holding that, despite the plaintiffs not "alleg[ing] any discrimination prohibited by § 1691(a) of the [ECOA]," they nevertheless "stated a cognizable claim under the [ECOA] should they prove … that … [the] creditor failed to comply with the separate and independent notification requirements of § 1691(d)" (emphasis added)). As a result, the trial court erred in denying Mukhina's ECOA claim.

Mukhina requested both compensatory and punitive damages under the ECOA. See 15 U.S.C. § 1691(e). And damages are, in the first instance, a question for the fact-finder. See Great Atl. & Pac. Tea Co. v. Weems, 266 Ala. 415, 418, 96 So. 2d 741, 744 (1957). For that reason, I

3

would reverse the trial court's judgment denying Mukhina's ECOA claim and remand the case with instructions to determine whether she is entitled to any damages.